United States District Court
Southern District of Texas
**ENTERED**
April 26, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| M-I, LLC, *Plaintiff*, | § § § |
| v. | § CIVIL ACTION NO. 4:17-CV-3275 |
| ENVENTIVES, LLC, *ET AL.*, *Defendants*. | § § § § |

## MEMORANDUM AND RECOMMENDATION

This case is before the court on defendants' corrected motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a)(1), 9(b), and 12(b)(6) (Dkt. 13).[1] Having considered the parties' submissions and the law, the court recommends that the motion be denied.

### I. Background

This case arises out of an agreement for the purchase of drilling chemicals. Plaintiff M-I, LLC (M-I) has sued Enventives, LLC and its members Jay Cowan and Mike Kilchrist (collectively referred to as Defendants). M-I alleges that the purchased chemicals did not meet the required contract specifications and that Defendants falsified certificates of analysis to hide that fact. M-I alleges it unwittingly shipped the non-conforming product to its own customers before discovering the Defendants' alleged deception. M-I filed this lawsuit in federal court asserting diversity jurisdiction over causes of action for breach of express and implied warranties, breach of contract, fraud, negligent misrepresentation, and conspiracy to commit fraud. Defendants have moved to dismiss the case in its entirety, arguing that M-I (1) did not plead diversity jurisdiction with specificity as required by Rule 8(a)(1); (2) did not plead fraud with specificity as required by Rule 9(b); and (3) failed for multiple reasons to state a claim upon which relief can be granted warranting dismissal under Rule 12(b)(6).

---

[1] The district court referred this matter to this magistrate judge for report and recommendation (Dkt. 16).

## II. Analysis

### 1. Requirements of Rule 8(a)(1) and allegations of diversity jurisdiction

Defendants did not move to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1), but instead argue that M-I's Complaint should be dismissed because it fails to allege sufficient facts to demonstrate the existence of diversity jurisdiction and therefore fails to comply with the pleading requirements of Rule 8(a)(1).[2] Dkt. 13 at ¶¶ 7-8, 10-13. Specifically, Defendants argue that M-I failed to include allegations regarding the citizenship of each of the LLC's members.

The citizenship of limited liability companies, for diversity jurisdiction purposes, is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 107, 1080 (5th Cir. 2008). As the plaintiff alleging diversity jurisdiction, M-I bears the "burden to 'distinctly and affirmatively allege[] the citizenship of the parties[.]'" *Trafigura AG v. Enter. Prod. Operating LLC*, 995 F. Supp. 2d 641, 646 (S.D. Tex. 2014) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

M-I has failed to meet its burden because the complaint fails to allege the citizenship of the members of the limited liability companies.[3] *See Trafigura*, 95 F. Supp. 2d at 646 ("[T]he first amended complaint does not identify the citizenship of either of [the LLC's] two members. . . . That omission alone warrants dismissal of this case."). However, unlike the situation in

---

[2] Federal Rule of Civil Procedure 8(a)(1) requires every complaint to contain "a short and plain statement of the grounds for the court's jurisdiction . . . ."

[3] M-I pleaded that it is a Delaware limited liability company with its principle place of business in Houston, TX; that Enventives is a Minnesota limited liability company authorized to do business in Texas; that Jay Cowan is an individual who lives in Minnesota; and that Mike Kilchrist is an individual who lives in Louisiana. Dkt. 1 at ¶¶ 1-4. M-I further pleaded that there is complete diversity between M-I and Defendants and the amount in controversy exceeds $75,000. *Id.* at ¶ 5.

2

*Trafigura*, in which "repleading could not remedy th[e] deficiency[,]" repleading here will cure the defect.[4]

M-I's certificate of interested parties (Dkt. 8) identifies the members of M-I as Delaware and Texas corporations with their principal place of business in Texas, which means M-I is a citizen of both Delaware and Texas.[5] The same certificate states that the members of Enventives, LLC consist of individual defendants Cowan and Kilchrist, who are citizens of Minnesota and Louisiana, respectively. Dkt. 8. Thus, the collective Defendants — Enventives, LLC, Cowan, and Kilchrist — are citizens of Minnesota and Louisiana. *See Harvey*, 542 F.3d at 1080. If M-I's certificate of interested parties is accurate, diversity jurisdiction exists in this case. *See Trafigura*, 995 F. Supp. 2d at 643-44 (diversity jurisdiction exists, when no plaintiff is from the same state as any defendant). Significantly, none of the defendants have challenged the accuracy of M-I's certificate of interested parties, nor have they argued lack of diversity that necessitates dismissal under Rule 12(b)(1). Therefore, the court recommends that the district judge deny Defendants' motion to dismiss pursuant to Rule 8(a)(1) and order M-I to amend its complaint to include specific facts regarding the citizenship of the members of the limited liability companies M-I and Enventives. *See Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (remanding case to district court to determine existence of jurisdiction where allegations of diversity jurisdiction failed to specify the citizenship of the corporate parties).

---

[4] A federal court has an independent duty to determine whether it maintains subject matter jurisdiction over a case. When determining the existence of subject matter jurisdiction, the court "is free to weight the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 393 F.3d 147, 149 (5th Cir. 2004). The court may base its decision on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.*

[5] *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) ("For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.").

3

## 2. **Requirements of Rule 9(b) for pleading fraud with particularity**

Defendants argue that M-I has failed to meet its burden to plead fraud with particularity. Federal Rule of Civil Procedure 9(b) requires that a party "state with particularity the circumstances constituting fraud of mistake." The determination of what constitutes "particularity" differs with the facts of each case, but a party alleging fraud must, at a minimum, plead the "who, what, when, where, and how" of the alleged fraud. *Benchmark Elecs. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003); *Webb v. Everhome Mortg.*, 704 Fed. App'x 327, 329 (5th Cir. 2017); *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) ("At a minimum, Rule 9(b) requires that the plaintiff specify the particulars of time, place, and contents of the false representations.").

M-I alleges in the Complaint that it entered an agreement to purchase chemicals meeting certain specifications. M-I alleges that (1) all Defendants, through the acts of Cowan and Kilchrist (who); (2) misrepresented to M-I the quality of chemicals M-I purchased from Defendants (what); (3) between April 6, 2016 and September 9, 2016 (when); (4) by performing laboratory tests on samples that were materially different than those shipped to M-I and providing M-I with falsified certificates of analysis for the defective product (where and how). M-I further alleges that in August 2016, it performed its own laboratory tests on the products and confirmed that the products it received from Defendants did not conform to the agreed specifications. *See* Dkt. 1 at ¶¶ 12-14. Thus, with respect to its fraud claim, M-I has pleaded "who, what, when, where, and how" and met the minimum standards in the Fifth Circuit for compliance with Rule 9(b). *See Benchmark Elecs.*, 343 F.3d at 724 (5th Cir. 2003).

Defendants also argue that M-I's fraud claim must be dismissed because M-I cannot demonstrate the required element of reliance. Specifically, Defendants contend that M-I cannot

4

prove that it relied on the representations in the Certificates of Analysis because they were not provided prior to purchase. Dkt. 15-1, p.2-3. However, taking the allegations in the Complaint as true, the Complaint alleges that Defendants provided M-I with falsified Certificates of Analysis in order to deceive M-I into believing the delivered product conformed to the specifications. Dkt. 1 at ¶¶ 12, 18. These allegations support a reasonable inference that M-I relied, at least in part, on the falsified Certificates of Analysis when it unwittingly shipped the allegedly non-conforming product to its customers. *Id.* Therefore, the court recommends that the motion to dismiss the fraud claims in their entirety be denied.[6]

### 3. Rule 12(b)(6) dismissal for failure to state a claim

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

---

[6] Defendants did not move for a motion for more definite statement under Rule 12(e). The court recommends the motion to dismiss the fraud claims in their entirety be denied because the minimum requirements of Rule 9(b) have been met. In the alternative, Plaintiff should be given the opportunity to replead to cure any deficiency in the fraud allegations. *See Hart v. Bayer Corp.*, 19 F.3d 239, 248 (5th Cir. 2000) (Court should not dismiss claim without granting leave to amend, unless "the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." (internal citations omitted)).

Defendants move for dismissal for failure to state a claim on the grounds that (A) M-I cannot state a breach of contract claim because Enventives was not a party to the purchase agreement; (B) M-I cannot state a claim for breach of warranty because it is not a party to the purchase orders pursuant to which Defendants supplied the allegedly defective product; and (C) M-I's tort claims are barred by the economic loss rule. In addition to disputing the merits of Defendants' motion, M-I argues that it is premature and improperly relies on matters outside the pleadings.[7] The court agrees.

### 3.A. Breach of Contract

M-I alleges that it entered an agreement for the purchase of chemicals on April 26, 2013 and that Enventives breached that agreement. Defendants argue that Venture Chemicals, not Enventives, is the party to the referenced agreement. M-I did not attach the agreement it references to its Complaint. Defendants attached an unsigned copy of an agreement to their motion to dismiss and ask the court to consider it as part of the pleadings for purposes of the motion to dismiss.

Generally, if a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. FED. R. CIV. P. 12(d). However, if a defendant attaches to its motion to dismiss under 12(b)(6) a contract referenced in the plaintiff's complaint and which is central to the plaintiff's claims, the court may consider the contract part of the pleadings when ruling on the motion to dismiss. *In re Katrinia Canal Breaches, Litig.*, 495 F.3d

---

[7] M-I cites the following provision of District Court Judge Vanessa Gilmore's Memorandum and Order Regarding Discovery Motions, Motions for Summary Judgment, and Analogous Motions to Dismiss (Dkt. 3):

> [T]he Court may simply deny a Rule 12(b)(6) motion to dismiss which relies on facts asserted outside the pleadings. By referring to matters outside the pleadings, the moving party impliedly represents that the Court should consider such material . . . [T]he Court will deny the motion unless Summary Judgment is appropriate. Summary judgment is not appropriate before the opposing party has had a reasonable opportunity to file a response that demonstrates a dispute of material fact.

6

191, 205 (5th Cir. 2007); *see also Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The key to the willingness of federal courts to consider a contract attached to a motion to dismiss as part of the pleadings is that the attached contract *is the contract referenced in the plaintiff's complaint and which is central to the plaintiffs' claims.* The Fifth Circuit has explained that under these circumstances it considers the attached contract to be part of the pleadings because "[i]n so attaching [the contract], the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Considering a contract attached by the defendant to its motion to dismiss to be part of the pleadings makes sense only when no dispute exists as to whether the attached contract is in fact *the same contract that is referenced in the complaint and central to the plaintiff's claims.*

Here, Defendants have not established that the agreement attached as Exhibit A to their motion to dismiss (Dkt. 13-1) is the same agreement that is referenced in M-I's Complaint and central to its claims. In fact, Defendants candidly informed the court that they are not certain Exhibit A is the same agreement referenced in the Complaint and central to M-I's claims:

> Defendants believe that Exhibit A is an accurate, but unsigned copy of the agreement. However, Defendants cannot be certain because they were not a party to the Agreement and do not have a copy of it.

Dkt. 13 at 2 n.1.

> The version of the March 2013 Agreement attached as Exhibit A to the Motion to Dismiss contains a mandatory binding arbitration provision. Once a final, signed copy of the Agreement is provided or produced, Defendants reserve the right to move to compel arbitration if the mandatory, binding arbitration clause appears in the signed final version of the Agreement.

Dkt. 15-1 at 7 n.4.

Absent consensus that Exhibit A is in fact the particular contract that forms the basis of this suit, this court cannot consider it part of the pleadings. In this case, Defendants' attachment of the unsigned contract to its motion to dismiss does not "assist the plaintiff in establishing the basis of the suit," but demonstrates that the contract claims cannot be dismissed on the pleadings alone.

Even if the court could properly consider Defendants exhibits at this stage of the proceedings, the exhibits fail to demonstrate that M-I has failed to state a claim under Rule 12(b)(6). For example, in addition to the agreement attached as Exhibit A, Defendants ask the court to take judicial notice of public records showing Enventives was formed in March 2015, two years after the date M-I alleged it entered the agreement with Enventives. But neither the date of Enventives's corporate formation, nor Exhibit A, control whether Enventives is a successor, assign, or otherwise bound by the rights and obligations contained in the agreement M-I alleges Enventives breached. M-I claims that Enventives breached a contract between the parties are plausible on the fact of the Complaint and cannot be dismissed based on the pleadings alone. Therefore, the court recommends that Defendants' motion to dismiss the breach of contract claim be denied.

### 3.B. Breach of Express and Implied Warranties

Defendants attached to their motion as Exhibit B a June 4, 2016 purchase order from Oilfield International Equipment and Supplies PTE showing a purchase of Versalig Aramco (the chemical at issue) from Enventives. Dkt. 13-2. Defendants argue that this purchase order shows that M-I did not purchase Versalig Aramco from Enventives and thus M-I cannot state a claim for breach of express and implied warranties due to alleged deficiencies in that product.

M-I's Complaint alleges wrongdoing by Enventives from April 6, 2016 through September 9, 2016 related to multiple orders. *See* Dkt. 1 at ¶ 12 ("Enventives submitted Certificates of Analysis with each order. On multiple occasions, however, Enventives . . ."); ¶ 13 ("from approximately April 6, 2016, through September 9, 2016, Enventives provided M-I with product that did not conform . . ."). M-I also alleges that Enventives "understood that M-I used the Product specifically for one customer." *Id.* at ¶ 10.[8]

Because of the above allegations, the court cannot say that the one sample order submitted by Defendants is *referenced in the plaintiff's complaint and central to the plaintiff's claims.* Exhibit B is not properly considered in the context of Rule 12(b)(6), and in any event, on its own, is not dispositive of M-I's warranty claims. The court recommends that Defendants' motion to dismiss the breach of implied and express warranties be denied at this stage of the proceedings.

### 3.C. Economic Loss Rule

The economic loss rule is a doctrine that bars the recovery of purely economic damages in tort absent injury to the plaintiff or its property. *LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 235 (Tex. 2014). The rule is designed to provide a more definite limit on liability than does foreseeability, and reflects a preference for allocating some economic risks by contract rather than law. *Id., Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 415 (Tex. 2011). *LAN/STV* instructs that the economic loss rule is applicable in two situations: (1) where the loss is the subject of a contract; and (2) where the only damage from a defective product is to the product itself. *Id.*; *Sharyland*, 354 S.W.3d at 415-16. The court recognized in *LAN/STV* that:

---

[8] In its brief, M-I represents that Exhibit B is a purchase order between an affiliate of M-I and Enventives. Dkt. 12 at 5, ¶ 9.

> [t]he absence of a bright-line rule, and the failure to analyze whether denying tort recovery for an economic loss in a particular kind of situation is justified by the rationales limiting recovery of such losses, has led to some confusion.

435 S.W.3d at 241.

M-I argues that Defendants' actions in falsifying the Certificates of Analysis violate duties that arise independently of contract. "In other words, M-I would have a claim against Defendants for falsifying the certificates even if there was no contract between the parties." Dkt. 12 at 10. As M-I points out, the applicability of the economic loss rule is an issue generally addressed on summary judgment. *See, e.g., Payne v. Wells Fargo, N.A.*, 637 Fed. App'x 833, 837 5th Cir. 2016) (summary judgment was proper on fraud claim barred by economic loss rule); *Am. Nat'l Ins. Co. v. IBM*, 933 S.W.2d 685, 689 (Tex. App. — San Antonio 1996, writ denied) (reversing summary judgment on fraud claim). Given that in this case the parties dispute whether a contract between the parties even exists, the court declines to rule on the application of the economic loss rule at the motion to dismiss stage.

### III. Conclusion

For the reasons stated above, the court recommends that Defendants' motion to dismiss be **DENIED**.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed at Houston, Texas, on April 26, 2018.

Christina A. Bryan
United States Magistrate Judge